Exhibit 2

2110 First Street, Suite 3-137
Fort Myers, Florida 33901
239/461-2200
239/461-2219 (Fax)

35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
352/547-3600
352/547-3623 (Fax)

**U.S. Department of Justice**
*United States Attorney*
*Middle District of Florida*

300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
904/301-6300
904/301-6310 (Fax)

400 West Washington Street, Suite 3100
Orlando, Florida 32801
407/648-7500
407/648-7643 (Fax)

**Main Office**
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
813/274-6000
813/274-6358 (Fax)

Reply to: Tampa, FL

TAG

February 9, 2021

**VIA USAfx Delivery**

Kathleen Sweeney, Esq.
Federal Public Defender's Office
400 N Tampa St Ste 2700
Tampa, FL 33602-4726

Tim Bower-Rodriguez, Esq.
Bower Rodriguez, P.A.
601 N. Ashley Drive, Ste. 310
Tampa, FL 33602

Amanda Powers- Sellers, Esq.
Powers Sellers & Finkelstein, PLC
4625 E Bay Dr Ste 313
Clearwater, FL 33764-5747

  Re: *United States v. Varga, et al.*
    Case No. 8:19-cr-266-T-35JSS

Dear Counsel:

  In connection with the above-captioned case and pursuant to your request for discovery, the following supplemental discovery materials are being provided to you by the United States Attorney's Office, Tampa Division. Altogether, the United States' production consists of pages of Bates-stamped documents, or videos, which have been provided to you via USAfx.

On January 26, 2021, you submitted a discovery request with 7 items to the he United States. Of those, the United States agrees to the disclosure of 3 items and 4 items have no records. The United States has and will continue to comply with the requirements of Fed. R. Crim. P. 16, the Standing Discovery Order dated October 6, 2020 (Dkt. 25), and *Brady, Giglio,* and their progeny. To the extent that the defendant's request exceeds those requirements, the United States opposes disclosure.

1. Defendants request, "video taken the hour before the video you have produced." The United States has enclosed videos responsive to this request as part of the current production.

2. Defendants request, "the name of the airman/officer who shot the video and contact information." The United States agrees to disclose this information, however, it is not currently in the government's possession. Multiple parties have been contacted to identify this information. The United States understands their continuing discovery obligation and will comply as new information is available.

3. Defendants request, "any video or photos showing the jettison of bales." To the extent these records exist it has previously been produced as part of the 4th discovery production or is included with the videos released in response to request #1 enclosed as part of this current production.

4. Defendants request, recordings from devices such as helmet cams, or go pro devices that officers may have had during this interdiction. The United States is not aware of any USCG officers using such devices during this interdiction or any related recordings.

5. Defendants request "any and all written reports by aircraft personnel." The United States agrees to disclose this information, however, it is not currently in the government's possession. Multiple parties have been contacted to identify this information. The United States understands their continuing discovery obligation and will comply as new information is available.

6. Defendants request "any and all photographs taken of the GFV prior to capsizing." The United States is not aware of any records responsive to this

   request. The Defendants are in possession of all known photographs from this interdiction.

7. Defendants request "photo or video of the officers retrieving drugs from the water." The United States is not aware of any records responsive to this request. The Defendants are in possession of all known videos and photographs from this interdiction.

**Please Note:** **To the extent that any personally identifying information ("PII") of third parties is contained in the discovery (such as dates of birth, addresses, phone numbers, social security numbers, and medical records), this information is confidential, provided solely for discovery purposes, and is not to be disseminated. Please let me know immediately if there is a need to obtain a protective order from the Court as to any PII contained in the discovery.**

Please contact me as soon as possible if you wish to resolve this case by way of a plea agreement. To be effective and capable of being accepted, plea offers from the United States must be in writing and contain all terms of the offer in a proposed written plea agreement. Oral communications regarding a potential plea are merely preliminary plea discussions and do not constitute a formal plea offer from the United States.

**Please be advised that the United States will oppose any third level for acceptance of responsibility where the Defendant pleads within ten days of trial**.

If you have any questions concerning any of the foregoing, please do not hesitate to contact me.

                                          Sincerely,

                                          MARIA CHAPA LOPEZ
                                          United States Attorney

By:   *Toni A. Goodin*
        Toni A. Goodin
        Special Assistant United States Attorney