## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                    **Case No. 8:20-cr-00266-WFJ**

**BERNARDO VARGA**
**RICARDO POLANCA-MEDINA**
**CARLOS ALBERTO LUNA-GAMBOA**
_____/

## JOINT DEFENDANTS' PROPOSED JURY INSTRUCTIONS

The Defendants, Bernardo Varga, Ricardo Polanca-Medina, and Carlos Alberto Luna-Gamboa, by and through undersigned counsel, respectfully propose that the court give the attached jury instructions at trial in this case.

Respectfully Submitted,

A. FITZGERALD HALL, ESQ.
FEDERAL DEFENDER

***/s/ Kathleen M. Sweeney***
Kathleen M. Sweeney, Esq.
Indiana Bar No.: 2192-49
Assistant Federal Defender
400 N. Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone: (813) 228-2715
Fax: (813) 228-2562
Email: Kathleen_Sweeney@fd.org

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 13, 2022, a true and correct copy of the foregoing was furnished by using the CM/ECF system with the Clerk of the Court, which will send notice of the electronic filing to the following: Jackson Boggs

*<u>/s/ Kathleen M. Sweeney</u>*
Kathleen M. Sweeney, Esq.
Assistant Federal Defender

**P1**
**Preliminary Instructions – Criminal Cases**

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial I will give you more detailed instructions.

Duty of jury:

It will be your duty to decide what happened so you can determine whether the defendant is guilty or not guilty of the crime charged in the indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

What is evidence:

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You

may choose to believe or disbelieve either kind and should give every piece of evidence whatever weight you think it deserves.

<u>What is not evidence:</u>

Certain things are not evidence and must not be considered. I will list them for you now:

- Statements and arguments of the lawyers. In their opening statements and closing arguments, the lawyers will discuss the case, but their remarks are not evidence;

- Questions and objections of the lawyers. The lawyers' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because a lawyer's question suggests that it is. For instance, if a lawyer asks a witness, "you saw the defendant hit his sister, didn't you?" – that question is no evidence whatsoever of what the witness saw or what the defendant did, unless the witness agrees with it.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, then the question may be answered or the exhibit received. If I sustain the objection, then the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider that evidence.

Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

Credibility of witnesses:

In reaching your verdict, you may have to decide what testimony to believe and what testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the things testified to;

- The witness's memory;

- The witness's manner while testifying;

- The witness's interest in the outcome of the case and any bias or prejudice;

- Whether other evidence contradicted the witness's testimony;

- The reasonableness of the witness's testimony in light of all the evidence; and

- Any other factors that bear on believability.

I will give you additional guidelines for determining credibility of witnesses at the end of the case.

<u>Rules for criminal cases:</u>

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove [his] [her] innocence or to present any evidence, or to testify. Since the defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a defendant's choice not to testify. It is not evidence.

Third, the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that the level of proof required is high.

<u>Conduct of the jury:</u>

Our law requires jurors to follow certain instructions regarding their personal conduct in order to help assure a just and fair trial. I will now give you those instructions:

1. Do not talk, either among yourselves or with anyone else, about anything related to the case. You may tell the people with whom

you live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.

2. Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.

3. You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.

4. Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case. And you must not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

5. Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.

6. Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to emphasize that in addition to not talking face to face with anyone about the case, you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, or social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, or Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case, including the defendant, the witnesses, the lawyers, or the judge. It is important that you understand why these rules exist and why they are so important:

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only jurors are authorized to render a verdict. Only you have been found to be fair and only you have promised to be fair – no one else is so qualified.

Our law also does not permit jurors to talk among themselves about the case until the court tells them to begin deliberations, because premature discussions can lead to a premature final decision.

Our law also does not permit you to visit a place discussed in the testimony. First, you can't be sure that the place is in the same condition as it was on the day in question. Second, even if it were in the same condition, once you go to a place discussed in the testimony to evaluate the evidence in light of

what you see, you become a witness, not a juror. As a witness, you may now have a mistaken view of the scene that neither party may have a chance to correct. That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the case, and that you not attempt to research any fact, issue, or law related to the case. Your decision must be based solely on the testimony and other evidence presented in this courtroom. Also, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me, and not from any other source. It wouldn't be fair to the parties for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly sets forth serious consequences if the rules are not followed. I trust that you understand and appreciate the importance of following these rules, and in accord with your oath and promise, I know you will do so.

Taking notes:

Moving on now, if you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When

you leave the courtroom, your notes should be left in the jury room. Whether or not you take notes, you should rely on your own memory of what was said. Notes are to assist your memory only. They are not entitled to any greater weight than your memory or impression about the testimony.

Separate consideration for each defendant:

Although the defendants are being tried together, you must give separate consideration to each defendant. In doing so, you must determine which evidence in the case applies to a particular defendant and disregard any evidence admitted solely against some other defendant. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

Course of the trial:

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor argument.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their

closing arguments to summarize and interpret the evidence for you, and I will

instruct you on the law. After that, you will go to the jury room to decide your

verdict.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

**T2**
**Witness's Prior Statement or Testimony**
**Explanatory Instruction**

Members of the Jury: If a witness is questioned about earlier statements or testimony the witness made, the questioning is permitted to aid you in evaluating the truth or accuracy of the witness's testimony at this trial.

A witness's earlier testimony or statements are not ordinarily offered or received as evidence of their truth or accuracy. They are pointed out to give you a comparison and to help you decide whether you believe the witness's testimony.

Whether those prior statements are consistent or inconsistent with the witness's trial testimony is entirely up to you.

I'll give you additional instructions at the end of the trial about a number of things you may consider to determine the credibility or believability of the witnesses and the weight to give their testimony.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**T4**
**Explanatory**
**Instruction Role of the**
**Interpreter**

We seek a fair trial for all regardless of what language they speak. We are going to have an interpreter assist us through these proceedings, and you should know what he or she can do and what he or she cannot do. Basically, the interpreter is here only to help us communicate during the proceedings. The interpreter is not a party in the case, has no interest in the case, and will be completely neutral. Accordingly, he or she is not working for either party. The interpreter's sole responsibility is to enable us to communicate with each other.

Treat the interpreter of the witness's testimony as if the witness had spoken English and no interpreter was present. Do not allow the fact that testimony is given in a language other than English influence you in any way.

If any of you understand the language of the witness, disregard completely what the witness says in his or her language. Consider as evidence only what is provided by the interpreter in English. If you think an interpreter has made a mistake, you may bring it to the attention of the Court, but you should make your deliberations on the basis of the official interpretation.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**B1**
**Face Page - Introduction**

UNITED STATES DISTRICT COURT
_____ DISTRICT OF _____
_____ DIVISION

UNITED STATES OF AMERICA

                                        Case No. 8:20-cr-00266-WFJ

-vs-

BERNARDO VARGA
RICARDO POLANCA-MEDINA
CARLOS ALBERTO LUNA-GAMBOA
━━━━━━━━━━━━━━━━━━━/


COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**B2.2**
**The Duty to Follow Instructions and the Presumption Of Innocence When a Defendant Does Not Testify**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## ANNOTATIONS AND COMMENTS

*United States v. Teague*, 953 F.2d 1525, 1539 (11th Cir. 1992), *cert. denied*, 506 U.S. 842, 113 S. Ct. 127, 121 L. Ed. 2d 82 (1992), Defendant who does not testify is entitled to instruction that no inference may be drawn from that election; *see also United States v. Veltman*, 6 F.3d 1483, 1493 (11th Cir. 1993) (Court was "troubled" by "absence of instruction on the presumption of innocence at the beginning of the trial… Although the court charged the jury on the presumption before they retired to deliberate, we believe it extraordinary for a trial to progress to that stage with nary a mention of this jurisprudential bedrock.")

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## <u>ANNOTATIONS AND COMMENTS</u>

***United States v. Daniels***, 986 F.2d 451 (11th Cir. 1993), opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), ***cert. denied***, 511 U.S. 1054, 114 S. Ct. 1615, 128 L. Ed. 2d 342 (1994) approves this definition and instruction concerning reasonable doubt; ***see also United States v. Morris***, 647 F.2d 568 (5th Cir. 1981); ***Victor v. Nebraska***, 511 U.S. 1, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

**B4**
## Consideration of Direct and Circumstantial Evidence;
## Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## ANNOTATIONS AND COMMENTS

*United States v. Clark*, 506 F.2d 416 (5th Cir. 1975), *cert. denied*, 421 U.S. 967, 95 S. Ct. 1957, 44 L. Ed. 2d 454 (1975) approves the substance of this instruction concerning the lack of distinction between direct and circumstantial evidence; *see also United States v. Barnette*, 800 F.2d 1558, 1566 (11th Cir. 1986), *reh'g denied*, 807 F.2d 999 (11th Cir. 1986), *cert. denied*, 480 U.S. 935, 107 S. Ct. 1578, 94 L. Ed. 2d 769 (1987) (noting that the "test for evaluating circumstantial evidence is the same as in evaluating direct evidence") (citing *United States v. Henderson*, 693 F.2d 1028, 1030 (11th Cir. 1982)).

*United States v. Hope*, 714 F.2d 1084, 1087 (11th Cir. 1983) ("A trial judge may comment upon the evidence as long as he instructs the jury that it is the sole judge of the facts and that it is not bound by his comments and as long as the comments are not so highly prejudicial that an instruction to that effect cannot cure the error.") (citing *United States v. Buchanan*, 585 F.2d 100, 102 (5th Cir. 1978)). *See also United States v. Jenkins*, 901 F.2d 1075 (11th Cir. 1990).

*United States v. Granville*, 716 F.2d 819, 822 (11th Cir. 1983) notes that the jury was correctly instructed that the arguments of counsel should not be considered as evidence (citing *United States v. Phillips*, 664 F.2d 971, 1031 (5th Cir. 1981)); *see also United States v. Siegel*, 587 F.2d 721, 727 (5th Cir. 1979).

For an alternative description of evidence, see Preliminary Instruction, "what is evidence."

**B5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**B6.2**
**Impeachment of Witnesses Because of**
**Inconsistent Statements or Felony**
**Conviction**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

<u>**ANNOTATIONS AND COMMENTS**</u>

*See United States v. Solomon*, 856 F.2d 1572, 1578 (11th Cir. 1988), *reh'g denied*, 863 F.2d 890 (1988), *cert. denied*, 489 U.S. 1070, 109 S. Ct. 1352, 103 L. Ed. 2d 820 (1989).

**B6.7**
**Impeachment of Witness Because of Bad Reputation**
**for (or Opinion about) Truthfulness**
**(May Be Used With 6.1 – 6.6)**

There may also be evidence tending to show that a witness has a bad reputation for truthfulness in the community where the witness resides, or has recently resided; or that others have a bad opinion about the witness's truthfulness.

You may consider reputation and community opinion in deciding whether to believe or disbelieve a witness.

**ANNOTATIONS AND COMMENTS**

Rule 608. [Fed. R. Evid.] Evidence of Character and Conduct of Witness
  (a) Opinion and reputation evidence of character. - - The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

See *United States v. Watson*, 669 F.2d 1374, 1381-1383 (11th Cir. 1982) distinguishing between reputation witnesses and personal opinion witnesses, and finding error in the exclusion of opinion testimony.

See also, Special Instruction 11, Character Evidence (relating to evidence of the character of the accused offered under Rule 404(a)(1), Fed. R. Evid.), and the Annotations and Comments following that instruction.

**B7**
**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**ANNOTATIONS AND COMMENTS**

*United States v. Johnson*, 575 F.2d 1347, 1361 (5th Cir. 1978), *cert. denied*, 440 U.S. 907, 99 S. Ct. 1214, 59 L. Ed. 2d 454 (1979).

**B8**
**Introduction to Offense Instructions**

The indictment charges two separate crimes, called "counts," against the Defendants. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendants knowingly and willfully conspired to possess with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States.

Count Two charges that the Defendants knowingly and willfully aided and abetted each other in possessing with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States.

I will explain the law governing these offenses in a moment.

But first note that the Defendants are not charged in Count One with committing a substantive offense – they are charged with <u>conspiring</u> to commit that offense.

I will also give you specific instructions on conspiracy.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**B8.1**

**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

<u>ANNOTATIONS AND COMMENTS</u>

"[I]t is well-established . . . that a disjunctive statute may be pleaded conjunctively and proved disjunctively."  *United States v. Williams*, 790 F.3d 1240, 1245 n.2 (11th Cir. 2015) (quoting *United States v. Haymes*, 610 F.2d 309, 310 (5th Cir. 1980) (citing *United States v. Quiroz-Carrasco*, 565 F.2d 1328, 1331 (5th Cir. 1978)); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all decisions of the former Fifth Circuit issued on or before September 30, 1981).

In other words, "when a defendant is charged in an indictment conjunctively with alternative means or alternative mental states, any one of which will satisfy an element of the crime, the 'jury instruction may properly be framed in the disjunctive' without a constructive amendment taking place."  *United States v. Mozie*, 752 F.3d 1271, 1284 (11th Cir. 2014) (quoting *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000)).  "The rule applies not only to alternative acts that satisfy a statutory element, but also to alternative mental states that may satisfy an element."  *Id.* (citing *Haymes*, 610 F.2d at 310–11).

 "This is not only a permissible practice but also a common one."  *Id.* (quoting *United States v. Howard*, 742 F.3d 1334, 1343 n.3 (11th Cir. 2014)) ("Prosecutors can and frequently do . . . charge alternative elements in the conjunctive and prove one or more of them in the disjunctive, which is constitutionally permissible."); *see also Simpson*, 228 F.3d at 1300.

**B9.1A**
**On or About; Knowingly; Willfully – Generally**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

**ANNOTATIONS AND COMMENTS**

The Definition of willfulness in this instruction can be used in most cases where willfulness is an element. For crimes requiring a particularized knowledge of the law being violated, such as tax and currency-structuring cases, use 9.1B's definition of willfulness.

The committee in its most recent revisions to the pattern instructions has changed the approach to how "willfully" should be charged in the substantive offenses which include it as an essential element of the offense. The previous editions of the pattern instructions included the following definition that historically has been used in most cases:

> The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

Although this definition has been useful as a general definition that encompasses many different aspects of the legal concept of "willfulness" in a concise and straightforward manner, the Committee has concluded, along with every other Circuit Pattern Instruction Committee that has considered the issue, that the definition is not accurate in every situation. A review of the case law reveals how the courts have struggled with the meaning of "willfulness" as a *mens rea* requirement for substantive criminal offenses. *See Bryan v. United States*, 524. U.S. 184, 189-92, 114 S. Ct. 1939, 1944-45 (1998) ("The word 'willfully' is sometimes said to be 'a word of many meanings' whose construction is often dependent on the context in which it appears." (citing *Spies v. United States*, 317 U.S. 492, 497, 63 S. Ct. 364, 367 (1943))); *see also Ratzlaf v. United States*, 510 U.S. 135, 140-41, 114 S. Ct. 655, 659 (1994); *United States v. Phillips*, 19 F.3d 1565, 1576-84 (11th Cir. 1994) (noting the difficulty in defining "willfully" and discussing the term in various contexts), <u>amended to correct clerical errors</u>, 59 F.3d 1095 (11th Cir. 1995); *United States v. Granda*, 565 F.2d 922, 924 (5th Cir. 1978) (noting, *inter alia*, that "willfully" has defied any consistent interpretation by the courts"); *see generally United States v. Bailey*, 444 U.S. 394, 403, 100 S. Ct. 624, 631 (1980) ("Few areas of criminal law pose more difficulty that the proper definition of the *mens rea* requirement for any particular crime.").

Based on the case law, the Committee has concluded that the criminal offenses that expressly include "willfulness" as an essential element can be divided into two broad categories. For the first category (Instruction 9.1A, which encompasses most offenses) "willfully" is defined to require that the offense be committed voluntarily and purposely with the intent to do something unlawful. However, the person need not be aware of the specific law or rule that his or her conduct may be violating. This definition is narrower than the traditional definition that has been used in our pattern charges in the past, but the Committee believes that this narrower definition is required under the law. *See, e.g. Bryan v. United States*, 524 U.S. 184, 118 S. Ct. 1939 (1998) (holding that the term "willfully" in 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D) requires proof that the defendant knew that his conduct was generally unlawful, but does not require that the defendant knew of the specific licensing requirement that he was violating).

The second category of criminal offenses that have "willfulness" as an essential element have a heightened *mens rea* requirement. For this limited class of offenses, the Government must prove more than the defendant knew that his conduct was done with a bad purpose to disobey the law in general. The Government must prove that

the defendant had an intent to violate a known legal duty, that is with the *specific* intent to do something the law forbids. For these offenses, the Committee recommends that the definition of "willfully" in Instruction 9.1B be given to the jury. These offenses include currency structuring statutes and certain tax laws, which tend to involve "highly technical statutes that present the danger of ensnaring individuals engaged in apparently innocent conduct." *Bryan*, 118 S. Ct. at 1946 – 47. For example, *see Ratzlaf v. United States*, 114 S. Ct. 655 (1994) (holding that with respect to 31 U.S.C. § 5322(a) and the monetary transaction provisions that it controls, the Government must prove that the defendant acted willfully, *i.e.*, with specific knowledge that the structuring of currency transactions in which he was engaged was unlawful); *see also Cheek v. United States*, 111 S. Ct. 604, 609-10 (1991) (explaining that due to the complexity of tax laws, there is an exception to the general rule that "ignorance of the law or a mistake of law is no defense to criminal prosecution," and "[t]he term 'willfully' [as used in certain federal criminal tax offenses] connot[es] a 'voluntary, intentional violation of a known legal duty'" (citing *United States v. Pomponio*, 429 U.S. 10, 12, 97 S. Ct. 22, 23 (1976) and *United States v. Bishop*, 412, U.S. 346, 360-61, 93 S. Ct. 2008, 2017 (1973))). In *Cheek*, the Supreme Court found error in the trial court's instruction to the jury that in order for the defendant's belief that he was not violating the law to be a defense, his good-faith belief must have been objectively reasonable. The Court further explained, however, that "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper." *Cheek*, 498 U.S. at 206, 111 S. Ct. at 613.

The Committee observes that the required mental state may be different even for different elements of the same crime. This possibility should be considered when determining what definition of *mens rea* should be charged. *See Liparota v. United States*, 471 U.S. 419, 423, 105 S. Ct. 2084, 2087 n.5 (1985).

Note: If the Defendant raises a good faith defense, it may be appropriate to give Special Instruction 9 [Good Faith Defense to Willfulness (as under the Internal Revenue Code)], Special Instruction 18 [Good Faith Reliance Upon Advice of Counsel].

**B10.4**
**Caution: Punishment**
**(Multiple Defendants, Multiple Counts)**

Each count of the indictment charges a separate crime against one or more of the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

**<u>ANNOTATIONS AND COMMENTS</u>**

*See United States v. Morales*, 868 F.2d 1562, 1572 (11th Cir. 1989).

There may be cases in which the last sentence of the first paragraph of this instruction is inappropriate and should be deleted. This may occur, for example, in prosecutions under 18 U.S.C. § 1962 (RICO offenses) or 21 U.S.C. § 848 (Continuing Criminal Enterprise offenses) where the indictment is structured so that a conviction of one count or counts (sometimes called "predicate offenses") is necessary to a conviction of another count or counts.

**B11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

<u>**ANNOTATIONS AND COMMENTS**</u>

*See United States v. Brokemond*, 959 F.2d 206, 209 (11th Cir. 1992). *See also United States v. Cook*, 586 F.2d 572 (5th Cir. 1978), *reh'g denied*, 589 F.2d 1114 (1979), *cert. denied*, 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979); *United States v. Dunbar*, 590 F.2d 1340 (5th Cir. 1979).

**S3**
**Identification Testimony**

The Government must prove beyond a reasonable doubt that the Defendant was the person who committed the crime.

If a witness identifies a Defendant as the person who committed the crime, you must decide whether the witness is telling the truth. But even if you believe the witness is telling the truth, you must still decide how accurate the identification is. I suggest that you ask yourself questions:

1. Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

2. How much time did the witness have to observe the person?

3. How close was the witness?

4. Did anything affect the witness's ability to see?

5. Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.

After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty.

**ANNOTATIONS AND COMMENTS**

*See United States v. Martinez*, 763 F.2d 1297, 1304 (11th Cir. 1985).

**S5**
**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**O117.1**
**Controlled Substances:**
**Possession on Vessel of the United States**
**or Subject to the Jurisdiction of the United States**
**46 U.S.C. § 70503(a)**

It's a Federal crime for anyone on board a vessel subject to the jurisdiction of the United States to knowingly possess a controlled substance with intent to distribute it. I instruct you as a matter of law that the vessel involved in this case was subject to the jurisdiction of the United States.

Cocaine is a controlled substance within the meaning of the law.

The Defendant can be found guilty of this crime only if each of the following facts is proved beyond a reasonable doubt:

(1) the Defendant was on board the vessel involved in this case;

(2) the Defendant knowingly possessed cocaine;

(3) the Defendant intended to distribute the cocaine; and

(4) the weight of the cocaine was more than five (5) kilograms.

To "possess with intent to distribute" means to knowingly have something while intending to deliver or transfer it to someone else, even with no financial interest in the transaction.

The Defendants are charged in the indictment with possessing with intent to distribute a certain quantity or weight of the alleged controlled substance. But you may find any Defendant guilty of the offense if the quantity of the controlled substance for which he should be held responsible is less than the

amount or weight charged. Thus the verdict form prepared with respect to each Defendant, as I will explain in a moment, will require that if you find the Defendant guilty, you must specify on the verdict your unanimous finding concerning the weight of the controlled substance attributable to the Defendant.

## ANNOTATIONS AND COMMENTS

The Maritime Drug Law Enforcement Act ("MDLEA") prohibits knowingly or intentionally possessing a controlled substance, with intent to distribute, onboard any vessel subject to the jurisdiction of the United States.

46 U.S.C. § 70502(b) provides that a vessel of the United States means:

> (1) a vessel documented under chapter 121 of this title or numbered as provided in chapter 123 of this title;

> (2) a vessel owned in any part by an individual who is a citizen of the United States, the United States Government, the government of a State or political subdivision of a State, or a corporation incorporated under the laws of the United States or of a State, unless--

>> (A) the vessel has been granted the nationality of a foreign nation under article 5 of the 1958 Convention on the High Seas; and

>> (B) a claim of nationality or registry for the vessel is made by the master or individual in charge at the time of the enforcement action by an officer or employee of the United States who is authorized to enforce applicable provisions of United States law; and

> (3) a vessel that was once documented under the laws of the United States and, in violation of the laws of the United States, was sold to a person not a citizen of the United States, placed under foreign registry, or operated under the authority of a foreign nation, whether or not the vessel has been granted the nationality of a foreign nation.

46 U.S.C. § 70502(c)(1) provides that a vessel subject to the jurisdiction of the United States includes:

> (A) a vessel without nationality;

(B) a vessel assimilated to a vessel without nationality under paragraph (2) of article 6 of the 1958 Convention on the High Seas;

(C) a vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States law by the United States;

(D) a vessel in the customs waters of the United States;

(E) a vessel in the territorial waters of a foreign nation if the nation consents to the enforcement of United States law by the United States; and

(F) a vessel in the contiguous zone of the United States, as defined in Presidential Proclamation 7219 of September 2, 1999 (43 U.S.C. 1331 note), that--

    (i) is entering the United States;

    (ii) has departed the United States; or

    (iii) is a hovering vessel as defined in section 401 of the Tariff Act of 1930 (19 U.S.C. 1401).

The MDLEA provides that the United States' jurisdiction over a vessel is not an element of the offense, and that the jurisdiction is a preliminary question of law to be resolved by the district court. 46 U.S.C. § 70504(a) ("Jurisdiction of the United States with respect to a vessel subject to this chapter is not an element of an offense. Jurisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge."). Because the jurisdictional requirement under the MDLEA is not an element of the offense, neither the Due Process Clause nor the Sixth Amendment are implicated when the jurisdictional requirement is not proven to the satisfaction of a jury. *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016); *United States v. Campbell*, 743 F.3d 802 (11th Cir. 2014), cert denied 135 S. Ct. 704 (2014). *See also United States v. Tinoco*, 304 F.3d 1088, 1110 (11th Cir. 2002) ("We have rejected the argument that a jury must determine jurisdiction under the Act.").

Maximum Penalty: Varies depending upon nature and weight of substance involved. See 21 U.S.C. § 960.

The offense of Possession of a Controlled Substance on a United States Vessel in Customs Waters, formerly codified at 21 U.S.C. § 955a(c) is now codified as part of 46 U.S.C. § 1903 by virtue of Congress including "a vessel located within the customs waters of the United States" as part of the definition for a "vessel subject to jurisdiction of the United States." 46 U.S.C. § 1903(c)(1)(D).

Where the indictment alleges a factor that would enhance the possible maximum punishment applicable to the offense, that factor should be stated as an additional element in the instructions under the principle of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). In such case it may also be appropriate to give a lesser included offense instruction, Special Instruction 10.

The Committee has omitted the word "willfully" which was previously used in this instruction. "Willfully" is not used in the statute, and the essence of the offense is a knowing possession of a controlled substance with an intent to distribute it. The Committee has concluded that the use of the term "willfully" does not add clarity or certainty, and relying instead on the words "knowingly" and "intentionally" more closely comports with the legislative intent.

The Committee recognizes - - and cautions - - that sentence enhancing factors subject to the principle of *Apprendi*, including weights of controlled substances under 21 U.S.C. § 841(b), are not necessarily "elements" creating separate offenses for purposes of analysis in a variety of contexts. *See United States v. Sanchez*, 269 F.3d 1250, 1278 n.51 (11th Cir. 2001), abrogated in part, *United States v. Duncan*, 400 F.3d 1297, 1308 (11th Cir. 2005); *see also United States v. Underwood*, 446 F.3d 1340, 1344-45 (11th Cir. 2006). Even so, the lesser included offense model is an appropriate and convenient procedural mechanism for purposes of submitting sentence enhancers to a jury when required by the principle of *Apprendi*. This would be especially true in simpler cases involving single Defendants. *See* Special Instruction 10 and the verdict form provided in the Annotations And Comments following that instruction. If the lesser included offense approach is followed, using Special Instruction 10 and its verdict form, then the bracketed language in this instruction explaining the significance of weights and the use of a special verdict form specifying weights, should be deleted.

Alternatively, in more complicated cases, if the bracketed language in this instruction concerning weights is made a part of the overall instructions, followed by use of the special verdict form below, then the Third element of the instructions defining the offense should be deleted. The following is a form of special verdict that may be used in such cases.

<u>Special Verdict</u>

(1) We, the Jury, find the Defendant [name of Defendant] _____ as charged in Count [One] of the indictment. [Note: If you find the Defendant not guilty as charged in Count [One], you need not consider paragraph 2 below.]

(2) We, the Jury, having found the Defendant guilty of the offense charged in Count [One], further find with respect to that Count that [he] [she] [distributed] [possessed with intent to distribute] [conspired to

possess with intent to distribute] the following controlled substance[s] in the amount[s] shown (place an X in the appropriate box[es]):

[(a) Marijuana - -

    (i)  Weighing 1000 kilograms or more  ☐

    (ii)  Weighing 100 kilograms or more  ☐

    (iii) Weighing less than 100 kilograms  ☐]

[(b) Cocaine - -

    (i)  Weighing 5 kilograms or more  ☐

    (ii)  Weighing 500 grams or more  ☐

    (iii) Weighing less than 500 grams  ☐]

[(c) Cocaine base ("crack" cocaine) - -

    (i)  Weighing 50 grams or more  ☐

    (ii)  Weighing 5 grams or more  ☐

    (iii) Weighing less than 5 grams  ☐]

SO SAY WE ALL.

_____        _____

Date                                 Foreperson

Multiple sets of the two paragraphs in this Special Verdict form will be necessary in the event of multiple counts of drug offenses against the same Defendant.

**O100 (MODIFIED)**
**Controlled Substances: Conspiracy**
**21 U.S.C. § 846 and/or 21 U.S.C. § 963**

It's a separate Federal crime for anyone to conspire to knowingly possess with intent to distribute or import cocaine.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all of the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

(1) two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess or import cocaine;

(2) the Defendant, knew the unlawful purpose of the plan and willfully joined in it; and

(3) the object of the unlawful plan was to possess with the intent to distribute five kilograms or more of cocaine

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

The Defendants are charged with possessing and intending to distribute at least five (5) kilograms of cocaine. But you may find any Defendant guilty of the crime even if the amount of the controlled substance for which he should be held responsible is less than five kilograms. So if you find any Defendant guilty, you must also unanimously agree on the weight of cocaine the Defendant possessed and specify the amount on the verdict form.

**ANNOTATIONS AND COMMENTS**

21 U.S.C. § 846 provides:

Any person who attempts or conspires to commit any offense defined in this subchapter [Sections 801 through 904] [shall be guilty of an offense against the United States].

21 U.S.C. § 963 provides:

Any person who attempts or conspires to commit any offense defined in this subchapter [Sections 951 through 966] [shall be guilty of an offense against the United States].

This instruction was previously designated to be given for 21 U.S.C. § 955(c), as well. This statute has been transferred to 46 U.S.C. § 70506(b), which provides:

A person attempting or conspiring to violate section 70503 of this title is subject to the same penalties as provided for violating section 70503.

46 U.S.C. § 70503 criminalizes the knowing or intentional manufacture or distributing of controlled substances on board a vessel subject to the jurisdiction of the United States or on board any vessel by an individual who is a citizen or resident alien of the U.S. This instruction can still be properly used (as adapted) for this statute.

Maximum Penalty: Each statute provides that the penalty shall be the same as that prescribed for the offense which was the object of the conspiracy.

Unlike 18 U.S.C. § 371 (general conspiracy statute), no overt act need be alleged or proved under either § 846 or § 963, *United States v. Shabani*, 513 U.S. 10, 15-16, 1155 S. Ct. 382, 385-86 (1994); *United States v. Harriston*, 329 F.3d 779, 783 (11th Cir. 2003); *United States v. Jones*, 765 F.2d 996, 1001 (11th Cir. 1985), nor does the absence of that requirement violate the constitution. *United States v. Gibbs*, 190 F.3d 188, 197 n.2 (3d Cir. 1999) (citing *Shabani*, 513 U.S. at 15-16); *United States v. Pulido*, 69 F.3d 192, 209 (7th Cir. 1995).

Acts of concealment are not part of the original conspiracy. *United States v. Knowles*, 66 F.3d 1146, 1155-56 n.17 (11th Cir. 1995).

"[T]he mere presence of a defendant with the alleged conspirators is insufficient to support a conviction for conspiracy." *United States v. Hernandez*, 141 F.3d 1042, 1053 (11th Cir. 1998). However, "a conspiracy conviction will be upheld… when the circumstances surrounding a person's presence at the scene of conspiratorial activity are so obvious that knowledge of its character can fairly be attributed to him." *United States v. Calderon*, 127 F.3d 1314, 1326 (11th Cir. 1997) (citations and internal

quotations omitted). For comparative citations analyzing the "mere presence" and "mere association" concepts, *see United States v. Lopez-Ramirez*, 68 F.3d 438, 440-41 (11th Cir. 1995).

"It is th[e] requirement of an agreement to participate in a criminal scheme that distinguishes conspiracy from the related offense, aiding and abetting." *United States v. Toler*, 144 F.3d 1423, 1426 n.4 (11th Cir. 1998). *See also United States v. Palazzolo*, 71 F.3d 1233, 1237 (6th Cir. 1995).

"[T]he mere fact of the purchase by a consumer of an amount of an illegal substance does not make of the seller and buyer conspirators under the federal [controlled substances] statutes." *United States v. Brown*, 872 F.2d 385, 391 (11th Cir. 1989), *cert. denied*, 493 U.S. 898 (1989). This principle is commonly termed the "buyer-seller rule," and is discussed in *United States v. Ivy*, 83 F.3d 1266, 1285-86 (10th Cir. 1996), *cert. denied*, 519 U.S. 901.

The lesser included offense model is an appropriate and convenient procedural mechanism for purposes of submitting sentence enhancers to a jury when required by the principle of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). This would be especially true in simpler cases involving single Defendants. *See* Special Instruction 10 and the verdict form provided in the Annotations And Comments following that instruction. If the lesser included offense approach is followed, using Special Instruction 10 and its verdict form, then the bracketed language in this instruction explaining the significance of weights and the use of a special verdict form specifying weights, should be deleted.

Alternatively, in more complicated cases, if the bracketed language in this instruction concerning weights is made a part of the overall instructions, followed by use of the special verdict form below, then the Third element of the instructions defining the offense should be deleted. The following is a form of special verdict that may be used in such cases.

<u>Special Verdict</u>

1. We, the Jury, find the Defendant [name of Defendant] _____ as charged in Count [One] of the indictment.

[Note: If you find the Defendant not guilty as charged in Count [One], you need not consider paragraph 2 below.]

2. We, the Jury, having found the Defendant guilty of the offense charged in Count [One], further find with respect to that Count that [he] [she] [distributed] [possessed with intent to distribute] [conspired to possess with intent to distribute] the following controlled substance[s] in the amount[s] shown (place an X in the appropriate box[es]):

[(a) Marijuana - -
    (i)   Weighing 1000 kilograms or more      ☐
    (ii)  Weighing 100 kilograms or more      ☐
    (iii) Weighing less than 100 kilograms   ☐]

[(b) Cocaine - -
    (i)   Weighing 5 kilograms or more      ☐
    (ii)  Weighing 500 grams or more      ☐
    (iii) Weighing less than 500 grams    ☐]

[(c) Cocaine base ("crack" cocaine) - -
    (i)   Weighing 50 grams or more      ☐
    (ii)  Weighing 5 grams or more      ☐
    (iii) Weighing less than 5 grams    ☐]

Date:                              _____

_____

___                                  Foreperson

Multiple sets of the two paragraphs in this Special Verdict form will be necessary in the event of multiple counts of drug offenses against the same Defendant.

**S6**
**Possession**

The law recognizes several kinds of possession. A person may have actual possession, constructive possession, sole possession, or joint possession.

"Actual possession" of a thing occurs if a person knowingly has direct physical control of it.

"Constructive possession" of a thing occurs if a person doesn't have actual possession of it, but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it.

The term "possession" includes actual, constructive, sole, and joint possession.

## ANNOTATIONS AND COMMENTS

*See United States v. Hastamorir*, 881 F.2d 1551 (11th Cir. 1989).

**S7**
**Aiding and Abetting; Agency**
**18 U.S.C. § 2**

As to Count Two, it's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

## ANNOTATIONS AND COMMENTS

18 U.S.C. § 2 provides:

(a) whoever commits an offense against the United States or, aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

*See United States v. Broadwell*, 870 F.2d 594, 607 (11th Cir. 1989), *cert. denied*, 493 U.S. 840, 110 S. Ct. 125, 107 L. Ed. 2d 85 (1989). See also *United States v. Walker*, 621 F.2d 163 (5th Cir. 1980), *cert. denied*, 450 U.S. 1000, 101 S. Ct. 1707, 68 L. Ed. 2d 202 (1981).

**T1.1**
**Cautionary Instruction**
**Similar Acts Evidence**
**(Rule 404(b), Fed. R. Evid.)**

You have just heard evidence of acts allegedly done by the Defendant that may be similar to those charged in the indictment, but were committed on other occasions. You must not consider this evidence to decide if the Defendant engaged in the activity alleged in the indictment.  But you may consider this evidence to decide whether:

- the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

- the Defendant had a motive or the opportunity to commit the acts charged in the indictment;

- the Defendant acted according to a plan or in preparation to commit a crime; or

- the Defendant committed the acts charged in the indictment by accident or mistake.

**<u>ANNOTATIONS AND COMMENTS</u>**

Rule 404.  [FRE]  Character  Evidence; Crimes or Other Acts

\* \* \* \* \*

(b) Crimes, Wrongs, or Other Acts.

   (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

   (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive,

opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

(B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice.

*United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 920 (1979), discusses at length the tests to be applied in admitting or excluding evidence under Rule 404(b); and, more specifically, the different standards that apply depending upon the purpose of the evidence, i.e., to show intent versus identity, for example.  *See id*. at 911-12 n.15.

**T1.2**
**Cautionary Instruction**
**Similar Acts Evidence – Identity**
**(Rule 404(b), Fed. R. Evid.)**

You have just heard evidence of acts allegedly done by the Defendant that may be similar to those charged in the indictment, but were committed on other occasions.  If you find the Defendant committed the allegedly similar acts, you may use this evidence to help you decide whether the similarity between those acts and the ones charged in this case suggests the same person committed all of them.

The Defendant is currently on trial only for the crimes charged in the indictment.  You may not convict a person simply because you believe that person may have committed an act in the past that is not charged in the indictment.

## ANNOTATIONS AND COMMENTS

Rule 404.  [FRE]  Character Evidence; Crimes or Other Acts

* * * * *

(b) Crimes, Wrongs, or Other Acts.

   (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

   (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

    (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

    (B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice.

*United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 920 (1979), discusses at length the tests to be applied in admitting or excluding evidence under Rule 404(b); and, more specifically, the different standards that apply depending upon the purpose of the evidence, i.e., to show intent versus identity, for example. *See id*. at 911-12 n.15.

**B12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

<u>**ANNOTATIONS AND COMMENTS**</u>

*United States v. Norton*, 867 F.2d 1354, 1365-66 (11th Cir. 1989), *cert. denied*, 491 U.S. 907, 109 S. Ct. 3192, 105 L. Ed. 2d 701 (1989) and 493 U.S. 871, 110 S. Ct. 200, 107 L. Ed. 2d 154 (1989) notes that the Court should not inquire about, or disclose, numerical division of the jury during deliberations but states that "[r]eversal may not be necessary even where the trial judge undertakes the inquiry and thereafter follows it with an *Allen* charge, absent a showing that either incident or a combination of the two was inherently coercive." See *United States v. Brokemond*, 959 F.2d 206, 209 (11th Cir. 1992). *See also United States v. Cook*, 586 F.2d 572 (5th Cir. 1978), *reh'g denied*, 589 F.2d 1114 (1979), *cert. denied*, 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979).